UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: ELMIRON (PENTOSAN POLYSULFATE SODIUM) PRODUCTS LIABILITY LITIGATION | Case No. 2:20-md-02973 (BRM)(ESK) <br><br> MDL No. 2973 <br><br> JUDGE BRIAN R. MARTINOTTI <br> JUDGE EDWARD S. KIEL |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**THIS MATTER** is before the Court on Defendant Teva Branded Pharmaceutical Products R&D, Inc.'s ("Teva Branded") appeal of Magistrate Judge Kiel's Letter Order, affirming Special Master Recommendation No. 5 ("SMR #5"), pursuant to Federal Rule of Civil Procedure 72(a).[1] (ECF No. 106.) Plaintiffs filed an opposition to the appeal (ECF No. 112), and Teva Branded filed a reply (ECF No. 115).[2] Having reviewed the parties' submissions filed in connection with the

---

[1] With respect to a district judge's review of a magistrate judge's decision, Federal Rule of Civil Procedure 72(a) states: "The district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." A district judge may reverse a magistrate judge's discovery order if the order is shown to be "clearly erroneous or contrary to law" on the record before the magistrate judge. 28 U.S.C. 636(b)(1)(A) The burden of showing that a ruling is "clearly erroneous or contrary to law rests with the party filing the appeal." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). A district judge may find a magistrate judge's decision "clearly erroneous" when it is "left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Emps. Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quotation omitted). However, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Waterman*, 755 F.3d 171, 174 (3d Cir. 2014) (quotation omitted). The magistrate judge's ruling is "contrary to law" if it misinterpreted or misapplied applicable law. *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008).

[2] On January 18, 2022, Plaintiffs filed a motion to strike Teva Branded's reply in support of its appeal, arguing the reply was untimely filed. (ECF No. 116-1 at 1.) Teva Branded then moved for leave to file its reply, explaining it mistakenly calculated the filing deadline. (ECF No. 117 at 1.) On January 19, 2022, Plaintiffs filed a notice to withdraw their motion to strike (ECF No. 118), and the Court granted the request (ECF No. 119).

appeal and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b);

**IT APPEARING THAT:**

1. On July 29, 2021, Special Master Polifroni issued Special Master Recommendation No. 3 ("SMR #3"). (ECF No. 106-4.)

2. In SMR #3, Special Master Polifroni heard arguments on an issue brought by Plaintiffs to compel a Rule 30(b)(6) deposition of Teva Branded's corporate representative on five noticed issues. (*Id.* at 3 of 11.)

3. In SMR #3, Special Master Polifroni recommended Teva Branded produce the appropriate witnesses for a Rule 30(b)(6) deposition but directed Plaintiffs to amend their 30(b)(6) Notice to "incorporate the intended topics of deposition." (*Id.* at 4 of 11.) In relevant part, Special Master Polifroni's recommendation stated "Teva[ Branded]'s argument that the oral depositions of Teva [Branded] witnesses are cumulative is not persuasive in that the federal rule does not preclude questioning witnesses on the substance of the written discovery." (*Id.*) Special Master Polifroni found "the facts presented do not justify the extraordinary circumstances needed for a protective order. Teva Branded should produce appropriate witness(es) for a 30(b)(6) deposition(s)." (*Id.* at 10 of 11.)

4. On August 3, 2021, Plaintiffs served Teva Branded their amended Rule 30(b)(6) Notice, as directed in SMR #3. (ECF No. 106-3.)

5. On September 13, 2021, Special Master Polifroni issued SMR #5. (ECF No. 106-6.)

6. In SMR #5, Special Master Polifroni heard arguments on issues brought by Plaintiffs seeking to implement SMR #3 and compel Teva Branded to comply with the amended Rule 30(b)(6) Notice. (*Id.* at 5 of 9.)

7. In SMR #5, Special Master Polifroni granted Plaintiffs' request to enforce SMR #3 and denied Teva Branded's request to quash or modify the scope of SMR #3. (*Id.* at 3 of 9.)

8. On September 20, 2021, Teva Branded filed its objections to SMR #5 with Magistrate Judge Kiel, objecting to producing a corporate witness to testify about the operational and management structure and identifying individuals with responsibilities in multiple topic areas.[3] (ECF No. 84.)

9. On December 2, 2021, Magistrate Judge Kiel issued a Letter Order affirming SMR #5. (ECF No. 103.)

10. In the Letter Order, Magistrate Judge Kiel found "the Special Master did not abuse his discretion in ordering Teva Branded to engage in discovery concerning Elmiron from the 1990's onward, as such discovery is relevant to Plaintiffs' theory that the ingestion of Elmiron leading to vision complications may have been known." (*Id.* at 3.)

---

[3] Initially, Teva Branded brought two objections before Magistrate Judge Kiel, objected to SMR #5 "to the extent it requires Teva Branded to: (1) engage in discovery about manufacturing of Elmiron and (2) present a corporate representative witness to testify about the 'operational and management structure' and identity of individuals with 'responsibilities' in multiple topic areas." (ECF No. 84 at 1.) On November 1, 2021, the Court issued an order denying a request filed by Defendants to file a motion to dismiss Plaintiffs' manufacturing defect claims. (ECF No. 97.) In light of the Court's order, Teva Branded withdrew their first objection regarding discovery on the manufacturing of Elmiron. (ECF No. 106-1 at 5.)

11. On December 17, 2021, Teva Branded appealed the Letter Order, arguing Magistrate Judge Kiel: (1) addressed issues regarding electronically-stored information that were not before him; and (2) erred in addressing the "Entity Topics" in the amended Rule 30(b)(6) Notice but not the "Individual Topics",[4] the latter of which Teva Branded contends was the intended scope of their objections to SMR #5. (ECF No. 106-1 at 4, 6–7.)

12. On January 4, 2022, Plaintiffs filed an opposition to Teva Branded's appeal, asserting each of Teva Branded's arguments were properly considered and rejected by Magistrate Judge Kiel. (ECF No. 112 at 1–2.)

13. On January 14, 2022, Teva Branded filed its reply, clarifying "the only issue before the Court" is "the Magistrate Judge's ruling did not address the issue that was before him, namely whether Teva Branded must prepare and produce a 30(b)(6) witness to provide testimony identifying all individuals employed by Baker Norton Pharmaceuticals, Inc. ("BNP") who had 'responsibility' for various functions during multiple time periods in regard to Elmiron." (ECF No. 115 at 1.)

14. To the extent Teva Branded argues Magistrate Judge Kiel erred by only addressing the "Entity Topics"—which Teva Branded maintains was not before Magistrate

---

[4] According to Teva Branded, (1) the "Entity Topics" are Topics 4.a. through 4.g., 6.a. through 6.i., and 8.a. through 8.i. in the amended Rule 30(b)(6) Notice; and (2) the "Individual Topics" are Topics 2, 5 (including a. through g.), 7 (including a. through i.), 9.a., 9.c., 9.d., the sentence following 9.i., and "the operational and management structure of each Teva Defendant" in Topics 4, 6, and 8 in the amended Rule 30(b)(6) Notice. (ECF No. 106-1 at 6–7.) Teva Branded describes "Entity Topics" as topics about the entities responsible for certain functions. (*Id*. at 6.) Teva Branded describes the "Individual Topics" as topics about preparing and producing a witness to provide testimony identifying the individuals employed by Baker Norton Pharmaceutical, Inc. who had responsibility for various functions during multiple time periods. (*Id.*) Teva Branded already produced a witness on December 3, 2021 who testified on the "Entity Topics." (*Id.*)

4

Judge Kiel—and not addressing the "Individual Topics" in the amended Rule 30(b)(6) Notice, the argument is unavailing. Magistrate Judge Kiel affirmed Special Master Polifroni's recommendation in its entirety, which includes the Special Master's recommendation regarding both the Entity Topics and Individual Topics in the amended Rule 30(b)(6) Notice.

15. Magistrate Judge Kiel considered Teva Branded's objection "to produc[ing] a Rule 30(b)(6) witness who Teva Branded argues will merely reiterate what is in the documents produced," and found "[t]hat objection is without merit." (ECF No. 103 at 4 of 5 n.4); *see Blackrock Allocation Target Shares v. Wells Fargo Bank, Nat'l Ass'n*, Civ. A. No. 14-09371, 2017 WL 9400671, at *1 (S.D.N.Y. Apr. 27, 2017) (holding that for a "deposition of an organization pursuant to Rule 30(b)(6)," the "witness must be appropriately prepared to testify to [noticed] topics even if the witness has no prior personal knowledge on the subjects"); *Clark v. Prudential Ins. Co. of Am.*, 289 F.R.D. 144, 176 (D.N.J. 2013) (holding that a "Rule 30(b)(6) corporate representative . . . is not required to have personal knowledge of the facts on which he gives testimony").

16. To the extent Teva Branded contends Magistrate Judge Kiel addressed issues of electronically-stored information that were not before him, Teva Branded contention is misplaced. In the Letter Order, Magistrate Judge Kiel found that "Teva Branded's arguments that it will face undue burden and expense in conducting searches for older documents and older electronically-stored information are premature and without merit." (ECF No. 103 at 3.) The Letter Order continues "[a]fter Teva Branded engaged in a good faith effort to comply with the

September Recommendation, and if plaintiffs remain dissatisfied with the results, it will be for the Special Master to determine whether Teva Branded went to the proper lengths to comply." (*Id*. at 4.) As such, the Court construes the Letter Order as referring Teva Branded's disputes raised over electronically-stored information to Special Master Polifroni.

17. The record reflects Magistrate Judge Kiel's decision was not clearly erroneous or contrary to law. *See Dome Petroleum*, 131 F.R.D. at 65 (holding a district judge may find a magistrate judge's decision "clearly erroneous" when it is "left with the definite and firm conviction that a mistake has been committed"); *Kounelis*, 529 F. Supp. 2d at 518 (holding a magistrate judge's ruling is "contrary to law" if it misinterpreted or misapplied applicable law).

Accordingly, for the reasons set forth above and for good cause appearing,

**IT IS** on this 8th day of February, 2022,

**ORDERED** that the Letter Order of Magistrate Judge Kiel is **AFFIRMED**.

*/s/ Brian R. Martinotti*
**BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**