IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: ELMIRON (PENTOSAN POLYSULFATE SODIUM) PRODUCTS LIABILITY LITIGATION | Case No. 2:20-md-02973 (BRM)(ESK) MDL No. 2973 |
| THIS DOCUMENT RELATES TO: ALL CASES | JUDGE BRIAN R. MARTINOTTI JUDGE EDWARD S. KIEL |

**MOTION TO ESTABLISH THE ELMIRON FEE FUND AND ELMIRON EXPENSE FUND AT ESQUIRE BANK AND TO APPOINT ARCHER SYSTEMS LLC AS ESCROW AGENT**

Plaintiffs, through Co-Lead Counsel, hereby submit this motion to establish the Elmiron Fee Fund and Elmiron Expense Fund at Esquire Bank and to appoint Archer Systems, LLC as Escrow Agent.

Case Management Order ("CMO") 15, entered on August 26, 2021 and amended on July 20, 2023 ("Amended CMO 15"), establishes a procedure for keeping track of common benefit time and expenses during the pendency of this MDL.

As part of Amended CMO 15, this Court is to:

> At an appropriate time, direct Plaintiff's Liaison Counsel to establish two interest-bearing accounts to receive and disburse funds as provided in this Order (the "Funds"). The first fund shall be designated the 'Elmiron Fee Fund' and the second fund shall be designated the 'Elmiron Expense Fund.' These funds will be held subject to the direction of this Court.

Amended CMO 15, p. 9, § (V)(A).

Additionally, Amended CMO 15 provides that, by a subsequent Order, this Court is to "appoint a certified public accountant or other duly capable and experienced fund administrator to serve as Escrow Agent over the Funds…" *Id.* at pp. 9-10.

Plaintiffs respectfully submits that now is the appropriate time for the aforementioned directions and appointments to take place, and, thus, it moves this Court for an Order allowing the Funds (i.e. the two interest-bearing accounts) to be established at Esquire Bank, and to appoint Archer Systems, LLC as the Escrow Agent of these two accounts. The Funds shall each qualify as a qualified settlement fund as defined in Internal Revenue Code § 468B and the Regulations thereunder, the creation of which shall be Ordered by this Court to collect payments from the resolution and conclusion of the underlying legal action(s). The Funds will be accounts where assets will be segregated from the general assets of the Defendant(s) and related persons or entities. The Funds are subject to the continuing jurisdiction of the Court and are intended to qualify as "qualified settlement fund(s)" as defined in Treas. Reg. 26 C.F.R. § 1.468B-1(c).

This Court has jurisdiction over this matter under Treas. Reg. § 1.468B-1(c)(1), which states in relevant part that a Qualified Settlement Fund "is established pursuant to an order of, or is approved by, the United States, any state (including the District of Columbia), territory, possession, or political subdivision thereof, or any agency or instrumentality (including a court of law) of any of the foregoing and is subject to the continuing jurisdiction of that governmental authority."

Plaintiffs have conferred with counsel for Defendants, and they do not oppose this motion or the requested relief.

## I.  ARGUMENT

The Court's authority over common benefit is derived from the United States Supreme Court's common benefit doctrine, as established in *Trustees v. Greenough*, 105 U.S. 527 (1881); refined in, inter alia, *Central Railroad & Banking Co. v. Pettus*, 113 U.S. 116 (1884*); Sprague v. Ticonic National Bank*, 307 U.S. 161 (1939); *Mills v. Electric AutoLite Co.,* 396 U.S. 375 (1970);

*Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980); and approved and implemented in the MDL context, in inter alia, *In re MGM Grand Hotel Fire Litigation*, 660 F. Supp. 522, 525-29 (D. Nev. 1987); and *In re Air Crash Disaster at Florida Everglades* on December 29, 1972, 549 F.2d 1006, 1019-21 (5th Cir. 1977). *See also* Manual for Complex Litigation, Fourth §§ 14.211, 20.312, 22.927 (2008).

As noted above, as part of Amended CMO 15, this Court is to direct Plaintiff's Liaison Counsel, at the appropriate time, to establish the Funds, and to appoint a duly capable and experienced fund administrator to serve as Escrow Agent over the Funds. *See* Amended CMO 15 at pp. 9-10. Pursuant to Amended CMO 15 the fund administrator, in being so appointed, is to be directed to "keep detailed records of all deposits and withdrawals and to prepare tax returns and other tax filings in connection with the Funds," among other administrative duties. *Id.* With these directives in mind, Plaintiffs now seek to modify Amended CMO 15 to allow the "Elmiron Fee Fund," and the "Elmiron Expense Fund," to be established at Esquire Bank.

Additionally, in connection with the creation of these two accounts, Plaintiffs respectfully request that the Court appoint Archer Systems, LLC, a settlement administration company, to serve as the Escrow Agent of the Funds, which entity would be responsible for the following:

(1) Establishing the two interest-bearing accounts and receiving and disbursing funds as provided in CMO 15;

(2) Creating the first account as the "Elmiron Fee Fund," and the second account as the "Elmiron Expense Fund;" and

(3) Acting as the Escrow Agent over the Funds as described in Amended CMO 15, and the Order issuing from this Motion, and keeping detailed records of all deposits and withdrawals, providing quarterly account statements to the Court and/or its designee as well as lead counsel.

To this end, the PSC also seeks to remove the requirement that the Escrow Agent be required to prepare tax returns and other tax filings in connection with these accounts as such filings would not be required.

By way of brief background, Archer Systems, LLC has many years of experience in providing comprehensive settlement management services and being utilized as an escrow agent in numerous mass tort and class action litigations.[1] Archer Systems, LLC's administration services are consistently lauded as being among the most user-friendly, efficient and systematic. Archer Systems, LLC is fully equipped and capable of managing and coordinating the payment of common benefit and attorney fees, and supplying reports to all parties as directed by Court Order.

As outlined in Amended CMO 15, the two-interest bearing accounts will continue to be held by the Escrow Agent subject to the direction of this Court. *See* Amended CMO 15 at p. 9. Moreover, and still in accord with Amended CMO 15, no party or attorney will have any individual right to any of the deposits in the accounts except to the extent of amounts directed to be dispersed to such party or attorney by Order of this Court. *Id.* at p. 14; *see also* Amended CMO 15, Ex. A, p. 15.  Further, only upon express Order of this Court will Archer Systems, LLC, acting as Escrow Agent of the Funds, disburse any funds from either the "Elmiron Fee Fund," or the "Elmiron Expense Fund." *Id.*

Finally, both Esquire Bank and Archer Systems, LLC will be subject to the same *confidentiality* provisions that would have applied pursuant to Amended CMO 15. *See* Amended CMO 15 at p. 13. Specifically, details of any individual settlement agreement, individual settlement amount, and/or amounts deposited into escrow by any particular Defendant shall be confidential and shall not be disclosed by the Esquire Bank and/or Archer Systems, LLC to anyone,

---

[1] https://www.archersystems.com/

including Plaintiffs' Co-Lead Counsel, any member of the PSC, any Plaintiff's counsel, or the Court, unless the Court requests that it receive that information, in which case the report shall be provided only to the Court and only in camera (i.e., not publicly filed and not available to any counsel). *Id.* Quarterly statements from the Esquire Bank and/or Archer Systems, LLC shall, however, be provided to Plaintiffs' Co-Lead or its designee (and, if the Court so orders, to the Court) showing only the aggregate of the quarterly deposits from all Defendants, disbursements, interest earned, financial institution charges, if any, and current balance. *Id.*

## II.  CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant the within motion to allow for the creation of "Elmiron Fee Fund," and the "Elmiron Expense Fund" at Esquire Bank, and to appoint Archer Systems, LLC, as the Escrow Agent of these two accounts.

Dated: August 3, 2023

By:  /s/ Virginia E. Anello
Virginia E. Anello
Douglas & London, P.C.
59 Maiden Lane, 6th Floor
New York, NY 10038
vanello@douglasandlondon.com

Parvin K. Aminolroaya
Seeger Weiss LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
paminolroaya@seegerweiss.com

Paul J. Pennock
Morgan & Morgan, PA
850 3rd Ave, Suite 402
Brooklyn, NY 11232
ppennock@forthepeople.com